**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

XAVIER BARELA,

      Defendant–Appellant.

No. 13-2127
(D.C. No. 5:12-CR-02013-RB-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Following his guilty plea to being a felon in possession of a firearm and

ammunition, Xavier Barela appeals the district court's denial of his motion to suppress.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

      * The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

# I

On April 21, 2012, a Roswell, New Mexico police officer approached the vehicle Barela was driving, shortly after it pulled up to a curb. When officers attempted to arrest Barela for driving with a suspended license, Barela removed a handgun from his pocket and threw it into the car. He was charged in a one-count indictment with being a felon in possession of a firearm and ammunition.

Barela moved to suppress the evidence seized as a result of the traffic stop, arguing that the officer lacked reasonable suspicion to detain him. At an evidentiary hearing, the officer who stopped Barela testified that he noticed Barela's vehicle was playing extremely loud music, and saw that the occupants were not wearing seatbelts. After initiating the stop and learning that Barela's driver's license had been suspended, the officer attempted to arrest Barela and observed him throw a gun into the vehicle. He issued citations to Barela for failing to wear a seatbelt, see N.M. Stat. § 66-7-372, "prohibited activities while driving" on account of the loud music, and other violations.

Defense counsel argued that the traffic stop was impermissible because the vehicle's loud music did not disturb the peace, and claimed that despite his direct testimony, the officer did not actually notice the seatbelt violation until after the stop occurred. The prosecutor countered that the stop was supported "for two separate and independent reasons," referencing the seatbelt and noise violations. In a written order, the district court concluded that the officer who made the stop was "fully credible" and specifically found that he observed the seatbelt violation prior to the stop. Because the

officer "heard loud music blaring from" Barela's vehicle and observed that Barela and his passenger "were not wearing seatbelts," the court held that the officer possessed "probable cause to believe code violations had occurred."

Following the district court's denial of the motion to suppress, Barela pled guilty. He was sentenced to 51 months' imprisonment.

**II**

Barela raises a single issue on appeal. He contends that the traffic stop was impermissible because the New Mexico disturbing-the-peace statute requires that loud music cause someone consternation or alarm, and no such showing was made.

In reviewing the denial of a motion to suppress, we accept the district court's findings of fact unless clearly erroneous, and view the evidence in the light most favorable to the government. United States v. Garcia, 707 F.3d 1190, 1194 (10th Cir. 2013). The ultimate determination of whether a Fourth Amendment violation occurred is reviewed de novo. Id. A traffic stop must be "justified at its inception" by reasonable suspicion. United States v. Gregoire, 425 F.3d 872, 876 (10th Cir. 2005). "An observed traffic violation or a reasonable suspicion of such a violation under state law plainly justifies a stop." Id. "This court looks only at whether the stop was objectively justified; the officer's subjective motives are irrelevant." United States v. White, 584 F.3d 935, 945 (10th Cir. 2009) (quotation omitted).

Although Barela challenges the district court's determination that the traffic stop was supported by reasonable suspicion of disturbing the peace, he fails to discuss in his

opening brief the court's independent conclusion that the stop was supported by an observed seatbelt violation. "When an appellant does not challenge a district court's alternate ground for its ruling, we may affirm the ruling." Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs., 569 F.3d 1244, 1252 (10th Cir. 2009); see also Shook v. Bd. of Cnty. Comm'rs, 543 F.3d 597, 613 n.7 (10th Cir. 2008) ("[W]here a district court's disposition rests on alternative and adequate grounds, a party who, in challenging that disposition, only argues that one alternative is erroneous necessarily loses because the second alternative stands as an independent and adequate basis, regardless of the correctness of the first alternative."). Despite Barela's belated attempt to address the seatbelt issue in his reply brief, we generally do not "consider arguments raised for the first time in a reply brief." United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002). We have no reason to depart from that rule in this case.

### III

Because Barela failed to properly challenge the district court's ruling that his traffic stop was justified by an observed seatbelt violation, we **AFFIRM** the denial of his motion to suppress.

Entered for the Court


Carlos F. Lucero
Circuit Judge


-4-